UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE LUIS CAMARENA, JR.,

    Plaintiff,

    v.

SUPERIOR COURT OF CALIFORNIA COUNTY OF SANTA CLARA,

    Defendant.

Case No. 16-cv-04289-JSC

**ORDER OF DISMISSAL**

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court judgment.[1] He has paid the filing fee. Because the petition indicates that the claims have not been exhausted, the petition is DISMISSED without prejudice to refiling after the claims have been fairly presented to the California Supreme Court.

## BACKGROUND

In 2011, Petitioner was convicted of forcible rape in Santa Clara County Superior Court based upon his guilty plea. The trial court sentenced him to a term of nine years and six months in state prison. He did not file a direct appeal. He filed a petition for a writ of habeas corpus in the Santa Clara County Superior Court seeking to be resentenced to a misdemeanor under Proposition

---

[1] Petitioner has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 8.)

47. The petition was denied. He filed no further post-conviction petitions in state or federal court until he filed the instant petition.

**DISCUSSION**

I.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II.  Legal Claims

Petitioner claims: (1) that his rights under *Miranda v. Arizona* were violated; (2) that he received ineffective assistance of counsel; (3) that the sentence was longer than he anticipated; and (4) that there was judicial misconduct.

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).

Petitioner indicates in the petition that he has never filed an appeal or any post-conviction petitions, motions or other applications in the California Supreme Court. Indeed, his only challenge to his conviction or sentence was the petition for a writ of habeas corpus filed in the superior court, and that petition did not raise any of the four claims in the instant petition. Before this Court can hear any of Petitioner's claims for habeas relief, he must first present the California

2

Supreme Court --- either in a petition for a writ of habeas corpus or in an appeal from the denial of such a petition from the California Court of Appeal --- with a fair opportunity to rule on such claims. If the claims do not succeed in the California Supreme Court, then Petitioner may raise them in a petition for a writ of habeas corpus filed in this Court. Because Petitioner has not fairly presented his claims to the California Supreme Court, they have not been exhausted and must be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED without prejudice to refiling after Petitioner has exhausted his claims by fairly presenting them to the California Supreme Court.

Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to rule on whether a Petitioner is entitled to a certificate of appealability in the same order in which the petition is decided. No reasonable jurist would find this Court's dismissal of his claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November 9, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS CAMARENA, JR., <br><br>Plaintiff, <br><br>v. <br><br>SUPERIOR COURT OF CALIFORNIA COUNTY OF SANTA CLARA, <br><br>Defendant. | Case No.  16-cv-04289-JSC <br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 9, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jose Luis Camarena, Jr. ID: AK-6637
1308 Wabash Street
P.O. Box 357
Alviso, CA 95002

Dated: November 9, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY

4